## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ESMERALDA CASTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO._____ |
| | ) | |
| SK2 GROUP INC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KI JUNG SUNG | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW Esmeralda Castillo ("Plaintiff" or "Ms. Castillo"), by and through her undersigned counsel, and hereby files this Complaint, showing the Court as follows:

### JURISDICTION, VENUE, AND PARTIES

1.

Plaintiff Esmeralda Castillo is a Georgia resident and former employee of SK2 Group Inc and Ki Jung Sung ("Defendants").  She was an employee engaged in commerce as defined by the Fair Labor Standards Act of 1938, 29 U.S.C. § 203, as amended.

2.

Defendant SK2 Group Inc is an "employer" within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C. § 203, as amended.

3.

Defendant Ki Jung Sung is the Chief Executive Officer, Chief Financial Officer, and Secretary of SK2 Group Inc and hired, paid, and ultimately terminated Plaintiff's employment, thus making her an "employer" within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C. § 203, as amended.

4.

Defendant SK2 Group Inc is a Georgia corporation with a principal place of business at 2667 Powder Springs Rd, Suite 107, Marietta, GA 30064.  Its registered agent is Ki Jung Sung, with a registered address of 10223 Tara Blvd, Jonesboro, GA 30238.

5.

Defendant Ki Jung Sung is an individual and a Georgia resident.

6.

This Court has personal jurisdiction over Defendant SK2 Group Inc because it is incorporated in the state of Georgia and has its principal place of business in the state of Georgia.

7.

This Court has personal jurisdiction over Defendant Ki Jung Sung because she is a Georgia resident.

8.

This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 because this civil action arises under Federal law.

9.

This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2).  All of the actions alleged herein occurred within the Northern District of Georgia.

## FACTUAL BACKGROUND

10.

Defendants operate two retail locations in Cobb County, Georgia, doing business as "Unlimited PCS", which are MetroPCS authorized retailers.

11.

Defendants employed Plaintiff as a sales representative, starting on or about October of 2012.  Defendants paid Plaintiff an hourly wage of $7.50 per hour.

12.

On or about July 1, 2013, Defendants promoted Plaintiff to the position of Manager, raising her hourly wage to $8.00 per hour.

13.

On or about November of 2013, Defendants raised Plaintiff's hourly wage to $9.00 per hour.

14.

Plaintiff was not paid on a salary basis and was not guaranteed a set minimum amount of pay per week.

15.

Plaintiff was not exempt from the overtime requirements of the Fair Labor Standards Act.  29 U.S.C. §§ 207, 213.

16.

During the following dates, Plaintiff worked the following number of hours over 40 hours in a workweek and was not paid at a rate of at least one and a half times her regular hourly wage as follows:

| Time Period | Hours Worked | Overtime Hours | Regular Hourly Wage | Overtime Premium | Amount Due |
|---|---|---|---|---|---|
| 4/15/13 - 4/21/13 | 41 | 1 | 7.50 | 3.75 | $3.75 |
| 6/10/13 - 6/16/13 | 41 | 1 | 7.50 | 3.75 | $3.75 |
| 6/17/13 - 6/23/13 | 49 | 9 | 7.50 | 3.75 | $33.75 |
| 6/24/13 - 6/30/13 | 45 | 5 | 7.50 | 3.75 | $18.75 |
| 7/1/13 - 7/7/13 | 50 | 10 | 8.00 | 4.00 | $40.00 |
| 7/8/13 - 7/14/13 | 49 | 9 | 8.00 | 4.00 | $36.00 |
| 7/15/13 - 7/21/13 | 45 | 5 | 8.00 | 4.00 | $20.00 |
| 7/22/13 - 7/28/13 | 50 | 10 | 8.00 | 4.00 | $40.00 |
| 7/29/13 - 8/4/13 | 50 | 10 | 8.00 | 4.00 | $40.00 |
| 8/5/13 - 8/11/13 | 54 | 14 | 8.00 | 4.00 | $56.00 |
| 8/19/13 - 8/25/13 | 50 | 10 | 8.00 | 4.00 | $40.00 |
| 8/26/13 - 9/1/13 | 45 | 5 | 8.00 | 4.00 | $20.00 |
| 9/23/13 - 9/29/13 | 50 | 10 | 8.00 | 4.00 | $40.00 |
| 10/7/13 - 10/13/13 | 59 | 19 | 8.00 | 4.00 | $76.00 |
| 10/28/13 - 11/3/13 | 59 | 19 | 8.00 | 4.00 | $76.00 |
| 11/4/13 - 11/10/13 | 55 | 15 | 9.00 | 4.50 | $67.50 |
| 12/2/13 - 12/8/13 | 59 | 19 | 9.00 | 4.50 | $85.50 |
| 12/9/13 - 12/15/13 | 59 | 19 | 9.00 | 4.50 | $85.50 |
| 12/16/13 - 12/22/13 | 59 | 19 | 9.00 | 4.50 | $85.50 |
| 12/30/13 - 1/5/14 | 59 | 19 | 9.00 | 4.50 | $85.50 |
| 1/6/14 - 1/12/14 | 50 | 10 | 9.00 | 4.50 | $45.00 |
| 1/27/14 - 2/2/14 | 47 | 7 | 9.00 | 4.50 | $31.50 |
| 2/10/14 - 2/16/14 | 42 | 2 | 9.00 | 4.50 | $9.00 |
| 2/17/14 - 2/23/14 | 54 | 14 | 9.00 | 4.50 | $63.00 |
| 2/24/14 - 3/2/14 | 55 | 15 | 9.00 | 4.50 | $67.50 |
| 3/3/14 - 3/9/14 | 50 | 10 | 9.00 | 4.50 | $45.00 |
| 3/10/14 - 3/16/14 | 46 | 6 | 9.00 | 4.50 | $27.00 |
| 3/31/14 - 4/6/14 | 54 | 14 | 9.00 | 4.50 | $63.00 |
| 4/7/14 - 4/13/14 | 53 | 13 | 9.00 | 4.50 | $58.50 |
| 4/14/14 - 4/20/14 | 53 | 13 | 9.00 | 4.50 | $58.50 |
| 6/7/14 - 6/13/14 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 9/1/14 - 9/7/14 | 52.5 | 12.5 | 9.00 | 4.50 | $56.25 |
| 9/15/14 - 9/21/14 | 47.5 | 7.5 | 9.00 | 4.50 | $33.75 |
| 10/20/14 - 10/26/14 | 52.5 | 12.5 | 9.00 | 4.50 | $56.25 |
| 10/13/14 - 10/19/14 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 10/27/14 - 11/2/14 | 62 | 22 | 9.00 | 4.50 | $99.00 |

| | | | | |
|---|---|---|---|---|
| 12/1/14 - 12/7/14 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 12/8/14 - 12/14/14 | 57 | 17 | 9.00 | 4.50 | $76.50 |
| 12/15/14 - 12/21/14 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 12/22/14 - 12/28/14 | 52.5 | 12.5 | 9.00 | 4.50 | $56.25 |
| 12/29/14 - 1/4/15 | 57 | 17 | 9.00 | 4.50 | $76.50 |
| 1/12/15 - 1/18/15 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 1/19/15 - 1/25/15 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 1/26/15 - 2/1/15 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 2/2/15 - 2/8/15 | 57 | 17 | 9.00 | 4.50 | $76.50 |
| 2/9/15 - 2/15/15 | 57.5 | 17.5 | 9.00 | 4.50 | $78.75 |
| 2/16/15 - 2/22/15 | 55.5 | 15.5 | 9.00 | 4.50 | $69.75 |
| 2/23/15 - 3/1/15 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 3/2/15 - 3/8/15 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 3/9/15 - 3/15/15 | 52.5 | 12.5 | 9.00 | 4.50 | $56.25 |
| 3/23/15 - 3/29/15 | 57 | 17 | 9.00 | 4.50 | $76.50 |
| 3/30/15 - 4/5/15 | 52.5 | 12.5 | 9.00 | 4.50 | $56.25 |
| 4/6/15 - 4/12/15 | 62 | 22 | 9.00 | 4.50 | $99.00 |
| 4/13/15 - 4/19/15 | 52.5 | 12.5 | 9.00 | 4.50 | $56.25 |
| 4/20/15 - 4/26/15 | 52.5 | 12.5 | 9.00 | 4.50 | $56.25 |

Total: $3,392.50

## 17.

Because Ms. Castillo was paid her regular hourly wage for all hours worked, all of her hours over 40 in a work week are multiplied by half of her regular hourly wage ("overtime premium"), which amounts to a total amount of unpaid overtime of $3,392.50.

6

18.

In April of 2015, the Defendants announced to the employees of their two retail locations that the employees who opened the stores in the mornings, including Plaintiff, would need to start coming in between 5 to 10 minutes before their scheduled work time in order to prepare for the stores' opening each day. Defendants further communicated that such additional time in the mornings would not be compensated.

19.

On or about late April of 2015, shortly after the announcement referenced in Paragraph 18, Plaintiff complained to Defendants that it was not legal for her and the other employees to have to come in early and not be paid for that additional work time.

20.

At the conclusion of the conversation in which Plaintiff complained to Defendants about being forced to work without pay, Defendants terminated Plaintiff's employment.

21.

Defendant Ki Jung Sung, after terminating Plaintiff's employment for having complained about not being paid for additional work time, communicated

to Plaintiff that she would do her best to ensure that Plaintiff was never hired again by another MetroPCS retailer.

22.

Subsequent to her termination, Plaintiff did in fact seek employment with other MetroPCS retailers and was denied several job opportunities due to Defendant Ki Jung Sung's intervention.

23.

Plaintiff lost wages during her period of unemployment after her termination by Defendants until she was able to secure new employment.

## Count One: Violation of Overtime Provisions of Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

24.

Plaintiff fully incorporates paragraphs 1-23, as if each were set forth verbatim herein.

25.

Defendants failed to pay Plaintiff the statutorily required overtime pay, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 207.

26.

Pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b),
Plaintiff is entitled to an additional amount equal to her unpaid overtime pay as
liquidated damages.  In addition, Plaintiff is entitled to the costs of this action and
reasonable attorney's fees.  Id.

## Count Two: Retaliation in Violation of Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

27.

Plaintiff fully incorporates paragraphs 1-23, as if each were set forth
verbatim herein.

28.

Defendants retaliated against Plaintiff by terminating her employment for
filing a complaint with her employer regarding her statutorily-protected rights
under the Fair Labor Standards Act of 1938, as amended, in violation of the Fair
Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3).

29.

Pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b),
Plaintiff is entitled to such legal or equitable relief as may be appropriate to

effectuate the purposes of section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, including the payment of wages lost and an additional equal amount as liquidated damages.

**WHEREFORE**, Plaintiff prays for relief against the Defendants as follows:

a. that Defendants be required to appear before this Court and answer this Complaint;

b. that Plaintiff have judgment against all Defendants for all compensatory damages, plus an equal amount as liquidated damages, as provided by the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), in an amount to be shown at trial;

c. that Plaintiff have judgment against all Defendants for all costs and attorney's fees of investigation and litigation reasonably incurred in connection with this action, as provided by the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b), in an amount to be shown at trial;

d. that Plaintiff have a trial by jury with respect to all issues in this matter; and

e. for all further and proper relief that this honorable Court deems just and equitable.

Respectfully submitted this 1st day of September, 2015.


By:     */s/ Christian G. Sotomayor*
        Christian G. Sotomayor, Esq.
        Georgia Bar No. 126426
        Attorney for Plaintiff

Betts & Associates
1900 Turner McCall Blvd SW
Rome, GA 30161
(706) 235-7575 (tel.)
(706) 204-8753 (fax)
christian.sotomayor@bettslaw.net

<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)</u>

Pursuant to LR 7.1D NDGa., the Plaintiff's counsel certifies that this Pleading has been prepared in Times New Roman 14 point, one of the fonts approved in LR 5.1C NDGa.

<u>*/s/ Christian G. Sotomayor*</u>
Christian G. Sotomayor, Esq.
Georgia Bar No. 126426
Attorney for Plaintiff